IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                                                Civ. No. 07-950 MV/RHS
                                                                                   Crim. No. 03-2063 MV

BRIAN KEITH TONY,

        Defendant/Movant.

## ORDER OF DISMISSAL

THIS MATTER comes before the Court in consideration of the Report and Recommendation of the United States Magistrate Judge ("Report") **[Doc. No. 13]**. Mr. Tony filed two sets of objections to the Magistrate Judge's Report. (See Petitioner[']s Response to Report and Recommendation ("Objections I") **[Doc. No. 14]** and Petitioner[']s Response to Unauthorized Magistrate Report and Recommendation ("Objections II") **[Doc. No. 15]**, filed on July 20, 2009). Having considered the Report, and having made a *de novo* determination of those portions of the Report objected to, the Court will adopt the Magistrate Judge's Report, deny Mr. Tony's motion under 28 U.S.C. § 2255 and dismiss this civil proceeding.

*Objections I*

Mr. Tony contends that the previous adjudication of this criminal matter in tribal court barred his prosecution in federal district court. Mr. Tony cites United States v. Bruce, 394 F.3d 1215 (9th Cir. 2005) for the proposition that a successive prosecution in federal court pursuant to 18 U.S.C. § 1152 is forbidden after the tribe has imposed punishment for the offense. However, Mr. Tony was not prosecuted under § 1152, which exempts "any Indian committing any offense in the Indian country who has been punished by the local law of the tribe." § 1152. Rather, Mr.

Tony was prosecuted pursuant to § 1153, which contains no such exemption.  Finally, while Mr. Tony apparently objects to the Magistrate Judge's finding that his double jeopardy argument lacks merit, he does not dispute that this argument is subject to procedural bar.

In his objections, Mr. Tony also claims that his trial attorney rendered ineffective assistance.  However, none of the reasons that Mr. Tony alleges as grounds for ineffective assistance of counsel challenge the proposed findings in the Magistrate Judge's Report.  Indeed, Mr. Tony has not asserted a claim of ineffective assistance of counsel until now.  Thus, to the extent that Mr. Tony seeks to amend his § 2255 motion to include such a claim, the Court finds that the motion to amend is untimely.

Mr. Tony's attempt to amend is untimely because the deadline for filing a § 2255 motion under the Antiterrorism and Effective Death Penalty Act has long since passed.[1]  In <u>United States v. Espinoza-Saenz</u>, 235 F.3d 501 (10th Cir. 2000), the Tenth Circuit held that pursuant to Federal Rule of Procedure 15(c), "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] *if and only if* the [original motion] was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*."  <u>Id.</u> at 505 (quoting <u>United States v. Thomas</u>, 221 F.3d 430, 431 (3d Cir.2000) (emphasis added; formatting omitted)).  The allegations of ineffective assistance of counsel set forth in Mr. Tony's objections seek to add both new claims and a new theory into this case.

---

[1] Mr. Tony does not allege any circumstances warranting equitable tolling and the Court finds that equitable tolling does not apply.

Ordinarily, the Court would deny Mr. Tony's attempt to amend as untimely. Under the circumstances, however, the Court must interpret the untimely attempt as a "second or successive" § 2255 motion. Before a federal prisoner may file a second or successive § 2255 motion, he must first obtain authorization from the appropriate Court of Appeals, in this case, the Tenth Circuit. See 28 U.S.C. §§ 2244(b)(3); 2255(h). Having considered Mr. Tony's attempt to amend, this Court concludes that it is not in the interests of justice to transfer it as a second or successive motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631.[2] Accordingly, Mr. Tony's attempt to amend will be denied without prejudice to his right to seek authorization from the Tenth Circuit for consideration of the motion as a second or successive § 2255 motion.

*Objections II*

Mr. Tony also objects to the Magistrate Judge's Report because he "has not given his express consent triggering Magistrate Robert Hayes Scott's jurisdiction." (Objections II at 1). Mr. Tony requests that the Magistrate Judge's Report be stricken or, alternatively, that he be provided with an opportunity to consent pursuant to 28 U.S.C. § 636(c).[3] However, the Court referred this case to Judge Scott pursuant to the provisions of § 636(b)(1), which "leave[s] the district court free to do as it sees fit with the magistrate judge's recommendations." Roell v. Withrow, 538 U.S. 580, 585, 123 S.Ct. 1696, 1700-01 (2003). Accordingly, there is no need to obtain the parties' consent and Mr. Tony's objection on this basis is overruled.

---

[2] As noted, Mr. Tony's new claim is time-barred. Moreover, the Court finds that his new claim is unlikely to have merit. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (discussing factors to consider in deciding whether to transfer).

[3] A referral pursuant to § 636(c)(1) gives a magistrate judge full authority over, *inter alia*, dispositive motions and the entry of final judgment without district court review.

**WHEREFORE,**

**IT IS ORDERED** that the Report and Recommendation of the United States Magistrate Judge **[Doc. No. 13]** is adopted by the Court, Mr. Tony's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. No. 1]** is denied, and this civil proceeding is dismissed with prejudice.

**IT IS FURTHER ORDERED** that "Petitioner[']s Response to Report and Recommendation" **[Doc. No. 14]**, to the extent that it constitutes a motion to amend Mr. Tony's § 2255 motion, is denied without prejudice to his right to seek authorization from the Tenth Circuit for consideration of the motion as a second or successive § 2255 motion.

**IT IS FURTHER ORDERED** that any remaining pending motions are denied as moot.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE